Nancy Steffen Rahmeyer, J.,
concurring.
I concur in the result and with the majority opinion as far as it goes; however, I question the implication in the majority opinion that, once the driver has reached an attorney by telephone, the twenty-minute provision in the statute has been complied with. The critical issue, as I see it, is whether Appellant abandoned her attempts to contact an attorney within the twenty-minute period allowed by section 577.041, RSMo Cum.Supp.2013.
There are two key sentences in the statute: the first allows a person to request to speak to an attorney and allows twenty minutes within which to do so, and the second provides for a twenty-minute period after which the driver may be requested to take a blood alcohol test. The clear language of the statute states, “upon the completion of the twenty-minute period” the driver must continue to refuse to submit to the test. The driver was tested prior to the completion of the full twenty minutes (a factual finding made by the trial court). Therefore, the trial court had to resolve whether Appellant “abandoned” or “concluded” her efforts to contact an attorney prior to the completion of the twenty-minute period provided for in the second sentence of the statute.
*547 The courts have written into the plain language of the statute what might appear to be an exception to the clear twenty-minute time frame. In fact, it is a reading of the two sentences combined that makes sense. When a person is requested to submit to any blood alcohol test, that person may “request” to speak to an attorney. That trigger commences the twenty-minute period. If the person indicates in some manner that he no longer wishes to contact an attorney, we have held that the driver abandoned or concluded his efforts to contact an attorney. See Green v. Director of Revenue, 386 S.W.3d 858, 862 (Mo.App.W.D.2012) (“Whether a driver in a particular case abandoned or concluded his efforts to contact an attorney is a factual issue, on which we generally defer to the trial court’s findings.”)
In other words, in this case, because the entire twenty minutes had not expired, the trial court had to determine that the driver had concluded her call. In this case, the trial court made a decision as the fact-finder that Appellant had indeed abandoned her attempt to contact her attorney by concluding her call. That is a credibility determination made by the trial court and supported by the evidence. Her claim that the Director did not show that Appellant abandoned her “attempt to contact an attorney” but merely assumed that Appellant’s hanging up of the phone was an abandonment of her attempt to contact her attorney is refuted by the evidence at the trial.
Appellant made no outward manifestation that she requested more time with her attorney, she did not get off the phone and ask for another call or explain that she had been cut off in the last crucial thirty seconds of advice.[1] Appellant did not tell the officer at that time that she wanted more time to speak to her attorney or request an extra thirty seconds to finish the conversation. The trial court was not obligated to believe that she was cut off by the phone system and was entitled to believe that she had voluntarily terminated her call. I concur because the evidence supported the trial court’s factual finding that Appellant had abandoned her attempt to contact an attorney, thus, complying with the statute.

. The Director makes much of the fact that Appellant was an “expert” on the informed consent law because she was a paralegal and refused the test because she was concerned about the accuracy of breath tests in general. Her supposed expertise does not affect my decision.